UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE:

Complaint of STEPHEN DRENTH, as owner
of the *M/V MY GIRLS ADVENTURE, LLC*,
a 2001 25' Bluewater Boats Runabout, bearing
Hull Identification No.: DZV25096E101, its
Engines, Tackle, Appurtenances, Equipment, Etc.
in a cause for exoneration from or limitation of
liability,

  Petitioner.
_____/

Case No. 8:25-cv-858-MSS-SPF

**ORDER**

  Petitioner Stephen Drenth's Motion for Entry of Order Approving Letter of Undertaking, and Directing Issuance of Monition and Injunction (Doc. 4) is before the Court. Petitioner's motion requests that the Court: (1) approve the Letter of Undertaking filed in connection with Petitioner's Complaint (Doc. 1-2); (2) issue a monition directing all potential claimants to join in this action; and (3) impose an injunction staying prosecution of any claim related to the accident in any other forum (Doc. 4). For the reasons explained below, Petitioner's motion is denied without prejudice.

  **I. Background**

  Petitioner filed his Petition on April 7, 2025 under the Limitation of Liability Act (the Act), 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F), for

exoneration from and/or limitation of liability for any damages and injuries sustained by potential claimants arising from an accident aboard Petitioner's 2001 25' Bluewater Boats Runabout, Hull Identification No. DZV25096E101 (the Vessel) (Doc. 1). Petitioner is the Vessel's owner.

On February 2, 2025, while Petitioner operated the Vessel in the navigable waters of Pinellas County, Florida, a large sea turtle unexpectedly surfaced directly in front of the Vessel (Doc. 1 at ¶ 9). Petitioner took evasive action to avoid a collision, and a passenger slipped off his seat, lost his balance, and fell overboard (*Id.*). Petitioner lists as potential claimants Douglas Brown and Carl Scott, and is "otherwise unaware of any other demands, written notices, actions or proceedings as a result of the Incident." (Doc. 1 at ¶¶ 17, 19).[1] Petitioner alleges that, to the extent there was negligence in the operation of the Vessel, such negligence occurred "without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30501 *et seq*." (*Id*. at ¶ 29). Petitioner alleges his interest in the Vessel does not exceed $50,000.00 (Doc. 1 at ¶ 23).

**II.   Analysis**

The Act grants a vessel owner the right to confine its liability for damages or injuries from a maritime accident to either the vessel's value or the owner's interest in the vessel and its freight if the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523; *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a shipowner is entitled to such

---

[1] Under Supplemental Rule F, a shipowner seeking to invoke the protections of the Act must file a complaint in federal court for limitation of liability no later than six months after receiving written notice of a claim. Petitioner timely filed his Petition within six months of receipt of a notice of claim.

2

a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

Once a shipowner files a petition and tenders bond, the district court must enjoin all other proceedings against the shipowner regarding the subject matter of the limitation of liability action. 46 U.S.C. § 30529(c). "Under the Limitation of Liability Act and the Supplemental Rules, a federal district court stays all related claims against a shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court." *In re the Complaint of Paradise Parasail, Inc.*, No. 2:11-cv-319-FtM-36SPC, 2011 WL 3897859, at * 1 (M.D. Fla. June 27, 2011).

For the benefit of claimants, the owner must deposit with the court (1) a sum equal to the amount or value of the owner's interest in the vessel and its pending freight, or (2) approved security. *See* 46 U.S.C. § 30529(b); Fed. R. Civ. P. Supp. F(1). "The posting of proper and adequate security is a condition precedent to obtaining the benefits of [the Act], and [a] district court [has] discretion to require the [owner] to post security in one of the approved forms." *NY Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985) (internal citation omitted). Ad interim stipulations accompanied by a letter of undertaking are customarily offered by petitioners who opt to post security in lieu of depositing cash into the Court's registry. *See In the Matter of Paradise Family, LLC*, No. 8:20-cv-1452-T-02-CPT, 2020 WL 3512809, at *2 (M.D. Fla. June 29, 2020). To that end, "when a shipowner submits an ad interim stipulation, the stipulation is 'a substitute for the vessel itself.'" *In re Hollis B. Corp.*, Civ. No. 2016-14, 2016 WL 8732310, at *5 (D. V.I. Sept. 30, 2016) (quoting *Hartford Accident & Indem. Co. v. S. Pacific Co.*, 273 U.S. 207, 218-19 (1927)). To qualify as "approved security" sufficient to protect the interests of claimants, "an ad interim stipulation should [therefore] provide a guarantee of payment in line with the

guarantee afforded by holding the vessel in trust 'for the benefit of [the claimants].'" *Id.* (quoting Fed. R. Civ. P. Supp. F(1)).

In the Letter of Undertaking referenced in Petitioner's motion, GEICO Marine Insurance Company agrees that "[i]n the event that a final judgment, not subject to appeal, be entered against Petitioner, as owner of the Vessel or against the vessel in rem, then the undersigned agrees to pay and satisfy the final judgment, plus interest at 6% from May 31, 2021, and costs, up to and not exceeding . . . $50,000.00." (Doc. 1-2). GEICO Marine Insurance Company agrees "to cause to be filed a bond in form and sufficiency with a surety satisfactory to the Court" for $50,000.00 (*Id.*). Nonetheless, Petitioner has not filed an ad interim stipulation of value. Without this, the Court does not have "'a substitute for the vessel itself,'" *In re Hollis B. Corp.*, 2016 WL 8732310, at *5 n.1 (quoting *Hartford Accident & Indem. Co.*, 273 U.S. at 218–19), and cannot determine if there is proper and adequate security to protect claimants in the manner contemplated by the Act and Supplemental Rule F. *See In re Petition of Paradise Family, LLC*, No. 8:24-cv-1161-KKM-UAM, 2024 WL 3377796, at *2 (M.D. Fla. July 11, 2024) (describing an ad interim stipulation as "a document in which Petitioners *declare the value of the vessel* at the time of the accident and agree that they will deposit or post a bond for that amount, plus interest, into the Court's registry") (emphasis added); *In re Westgate Restorts, Ltd.*, No. 8:24-cv-912-TPB-NHA, 2024 WL 3597165, at *3 (M.D. Fla. July 31, 2024) ("[C]ourts have held that a petitioner's stipulation, coupled with a letter of undertaking executed by the insurer . . . qualifies as sufficient security.") (citations omitted); *In re Twenty Grand Offshore, Inc.*, 313 F. Supp. 851, 852 (S.D. Fla. 1970) (approving letter of undertaking submitted along with affidavit of vessel value by marine surveyor); *see also Luhr Bros., Inc. v. Gagnard*, 765 F Supp. 1264, 1268 n.4 (W.D. La. 1991) ("The court

possesses great discretion in determining just what constitutes appropriate security.").

### III.   Conclusion

Accordingly, the Court ORDERS:

Petitioner Stephen Drenth's Motion for Entry of Order Approving Letter of Undertaking, and Directing Issuance of Monition and Injunction (Doc. 4) is **DENIED without prejudice.**

ORDERED in Tampa, Florida on June 20, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE